JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

13-CV-3596

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Victoria M. Lynam

## DEFENDANTS
New Courtland Senior Centers; and Philadelphia Senior Center

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stanley B. Cheiken, 261 Old York Road, Suite 503, Jenkintown, PA 19046, (215) 572-8600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. Section 621, et seq., ADEA
Brief description of cause:
Age discrimination in employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 6/20/13
SIGNATURE OF ATTORNEY OF RECORD

JUN 24 2013

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____127 Wildwood Avenue, E. Lansdowne, PA 19050_____

Address of Defendant: _____1845 Walnut Street, 12th Floor, Philadelphia, PA 19103_____

Place of Accident, Incident or Transaction: _____Philadelphia, PA_____
*(Use Reverse Side For Additional Space)*

**13   3596**

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)     Yes☐   No☑

Does this case involve multidistrict litigation possibilities?     Yes☐   No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☑

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____Stanley B. Cheiken, Esquire_____, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: _6/20/13_     _[signature]_     _62106_
                        Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _6/20/13_     _[signature]_     _62106_
                        Attorney-at-Law              Attorney I.D.#

JUN 24 2013

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| VICTORIA M. LYNAM<br><br>Plaintiff,<br><br>v.<br><br>NEW COURTLAND SENIOR CENTERS; AND<br>PHILADELPHIA SENIOR CENTER<br><br>Defendants. | CIVIL ACTION<br><br>NO. **13 3596**<br><br>JURY TRIAL DEMANDED |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| 6/20/13 | Stanley B. Cheiken | _(signature)_ |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215) 572-8600 | (215) 572-7838 | scheiken@earthlink.net |
| **Telephone** | **Fax Number** | **Email Address** |

JUN 24 2013



PBT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA M. LYNAM, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 13 3596 |
| NEW COURTLAND SENIOR CENTERS; and PHILADELPHIA SENIOR CENTER, INC. | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

Plaintiff Victoria M. Lynam, by and through undersigned counsel, hereby brings this action against defendants New Courtland Senior Centers and Philadelphia Senior Center, Inc., and avers as follows:

### PARTIES

1. Plaintiff Victoria M. Lynam ("Lynam") is an adult individual residing at 127 Wildwood Avenue, East Lansdowne, PA 19050.

2. Defendant, New Courtland Senior Centers ("NCSC"), is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its registered office located at 6970 Germantown Avenue, Philadelphia, PA 19119.

3. Defendant Philadelphia Senior Center, Inc. ("PSC") is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its registered office located at 1845 Walnut Street, 12th Floor, Philadelphia, PA 19103.

## JURISDICTION AND VENUE

4. This action arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* and the Pennsylvania Human Relations Act, 43 P.S. § 955 *et seq.*

5. Jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 626(c)(1).

6. Lynam has exhausted the procedural prerequisites to the filing of this action by filing charges of discrimination with the United States Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission on February 14, 2013, and by requesting a Right to Sue letter on May 20, 2013.

7. Venue lies within this Judicial District pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to this lawsuit occurred herein.

## FACTUAL BACKGROUND

8. Lynam was born on August 21, 1957. As of the date of filing of this lawsuit, she is 55 years old.

9. Lynam began her employment with defendant PSC in 1984.

10. Over the course of 28 years of employment with defendant PSC, Lynam held several executive level positions, including Director, Chief Operating Officer, and Director of Administrative Services.

11. In July 2009, defendant PSC entered into a contractual affiliation agreement with defendant NCSC.

12. From that point on, Lynam's employment was subject to the control and direction of both defendants NCSC and PSC. Accordingly, defendants NCSC and PSC constitute "Joint Employers" for purposes of Lynam's age discrimination claims.

13. At all times, Lynam's job performance was excellent, and in any event, would have met the reasonable expectations of any employer.

14. Nevertheless, in August 2012, Lynam was given a verbal warning and a performance improvement program on the alleged basis that her job performance was not satisfactory.

15. The verbal warning and performance improvement program were adverse employment actions taken against Lynam as a pretext for age discrimination.

16. The performance improvement program was unreasonable, and was known at the time to be unreasonable by defendants NCSC and PSC.

17. Indeed, the alleged deficiencies in Lynam's job performance were not her fault, but rather were known by defendants to be the direct result of understaffing which was beyond Lynam's control.

18. Despite Lynam's best efforts to address the alleged deficiencies identified by defendants, and notwithstanding the fact that her job performance remained excellent, Lynam's employment was terminated on November 28, 2012.

19. Lynam's job duties were reassigned to Julie Nelson, a woman who is more than 10 years younger than Lynam.

**COUNT I**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C. §621 *et seq.***

20. Lynam incorporates paragraphs 1 through 19 above as if set forth at length herein.

21. Lynam was subjected to unlawful disparate treatment, including the termination of her employment, by defendants NCSC and PCS on the basis of her age.

22. As a direct and proximate result of the age discrimination by defendants, Lynam has sustained a loss of back pay, benefits, and incidental expenses.

23. Lynam will further suffer losses in the nature of front pay and benefits should reinstatement prove impractical.

24. Lynam is entitled to liquidated damages pursuant to 29 U.S.C. §626(b) because of defendants' willful violation of the Age Discrimination in Employment Act.

25. Lynam is further entitled to her costs and attorney's fees pursuant to 29 U.S.C.§ 216(b).

WHEREFORE, Plaintiff Victoria M. Lynam prays for the following relief:

A. Back pay and benefits,

B. Incidental expenses,

C. Reinstatement or, in the alternative, front pay and benefits,

D. Liquidated damages,

E. Costs and attorney's fees, and

F. Such other relief this Court deems just and equitable.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT
### 43 P.S. §955 *et seq.*

26. The averments contained in paragraphs 1 through 25 above are incorporated by reference as though set for at length herein.

27. Defendants' conduct as aforesaid violates the Pennsylvania Human Relations Act, 43 P.S. §955 *et seq.*

28. As a direct and proximate result of the age discrimination by defendants, Lynam has sustained a loss of back pay, benefits, and incidental expenses.

4

29. Lynam will further suffer losses in the nature of front pay and benefits should reinstatement prove impractical.

30. Lynam has suffered emotional distress, embarrassment, humiliation, damage to her reputations and loss of life's pleasures.

WHEREFORE, Plaintiffs pray for the following relief:

    A.    Backpay and benefits,

    B.    Incidental expenses,

    C.    Reinstatement or, in the alternative, front pay and benefits,

    D.    Compensatory Damages,

    E.    Costs and attorney's fees, and

    F.    Such other relief this Court deems just and equitable.

Date: June 20, 2013

/s/ Stanley B. Cheiken, Esquire (SC1060)
STANLEY B. CHEIKEN, ESQUIRE

The Pavilion – Suite 503
261 Old York Road
Jenkintown, PA 19046
(215) 572-8600

*Attorney for Plaintiff*